## DAY et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6337.

Circuit Court of Appeals, Third Circuit.

Aug. 12, 1937.

order of the Tax Board is, therefore, reversed.

■ The second question involved is whether in the creator's deed of trust of August 21, 1930, in favor of his minor daughter, the reserved power of alteration was exercisable by him at the date of his death or only after his minor daughter reached her majority. After argument and consideration, we are of opinion that up to the time of the creator's death, which occurred during his daughter's minority, he had no, present power to alter, amend, or revoke, and that the order of the Tax Board to the contrary should be reversed.

In accord with our holding, the record is remanded to the Tax Board, with instructions to exclude from taxation the subject-matter ' under the deed of trust dated January 13, 1928, the life estate of decedent's mother under the deed of trust dated November 1, 1929, and the subject-matter of the deed of trust dated August 21, 1930, in which decedent's daughter was the beneficiary, including the accretion to the latter effected by the supplemental deed of trust dated May 5, 1931, diverting one-third of the remainder in the trust of November 1, 1929 (the mother's trust), to the trust for decedent's daughter.

Henry S. Drinker, Jr., Frederick E. S. Morrison, Calvin H. Rankin, C. A. McClure, and Drinker, Biddle & Reath, all of Philadelphia, Pa., for petitioners.

Harry Marselli, of Washington, D. C., James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Louise Foster, Sp. Assts. to Atty. Gen., for the United States.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

Reference to the opinion of the Board of Tax Appeals, reported at 34 B. T. A. 11, relieves us from restating the facts. The first question here involved is whether under the law of Pennsylvania the power reserved by the creator of the trust deeds of January 13, 1928, and November 1, 1929, to alter, amend, or revoke the trusts thereunder, was completely exhausted by his supplemental deeds of February 5 and May 5, 1931. The taxing authorities contend that the power of the creator to alter, amend, or revoke, existed at the time of his death, while the taxpayer contends the said subsequent trust deeds constituted an exhaustion of the creator's power to alter, amend, or revoke.

■ After argument and consideration had, we find ourselves in accord with the taxpayer's contention. This view, supported by the long line of English cases, was held in this circuit in Hidell v. Girard Life Insurance Annuity & Trust Co., Fed.Cas.No.6464, also reported in 14 Phila. 401, wherein Judge McKennan held: "There is high authority for the argument that a single exercise of a power of appointment or revocation exhausts the power. But where a power of revocation is once fully exercised, what is there left in the possessor of it, upon which a subsequent and entirely inconsistent exercise of it can rest?" In the present case the creator revoked, ended, and extinguished all interest in the trust estate, and thereafter and at the date of his death he had no part or lot therein. So holding, the